# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GRACE MURRAY, on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>GROCERY DELIVERY E-SERVICES USA INC. DBA HELLO FRESH<br><br>    Defendant. | : : : : : : : : : : : : : : : / | CIVIL ACTION FILE NO.<br><br><br><br>**COMPLAINT – CLASS ACTION** |

## Preliminary Statement

1. Plaintiff Grace Murray brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. The Plaintiff alleges that Grocery Delivery E-Services USA Inc. DBA Hello Fresh ("Hello Fresh") sent telemarketing calls to her and other putative class members listed on the National Do Not Call Registry without their prior express written consent.

3. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiffs bring this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

4. A class action is the best means of obtaining redress for the Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5. Plaintiff Grace Murray currently resides in Massachusetts in this District, as she did at all relevant times during the conduct alleged in the Complaint.

6. Defendant Grocery Delivery E-Services USA INC. DBA Hello Fresh is headquartered in New York.

**Jurisdiction & Venue**

7. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8. The Court has personal jurisdiction over Hello Fresh because it makes telemarketing calls and delivers its product into this District, as it did with Ms. Murray.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the telemarketing calls at issue were made into this District.

**TCPA Background**

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

The Growing Problem of Automated Telemarketing

14. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting Off Robocalls* (July 22, 2016), https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls (statement of FCC chairman).

15. "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016), https://www.ftc.gov/system/files/documents/advocacy_documents/commentstaff-ftc-bureau-

consumer-protection-federal-communications-commission-rulesregulations/160616robocallscomment.pdf.

16. In fiscal year 2017, the FTC received 4,501,967 complaints about robocalls, compared with 3,401,614 in 2016. Federal Trade Commission, *FTC Releases FY 2017 National Do Not Call Registry Data Book and DNC Mini Site* (Dec. 18, 2017), https://www.ftc.gov/news-events/press-releases/2017/12/ftc-releases-fy-2017-nationaldo-not-call-registry-data-book-dnc.

17. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

18. According to online robocall tracking service "YouMail," 4.8 billion robocalls were placed in August 2019 at a rate of 154.2 million per day. www.robocallindex.com (last visited December 30, 2019). YouMail estimates that 2019 robocall totals will exceed 60 billion. *See id.*

19. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data (last visited August 7, 2019).

**Factual Allegations**

Calls to Ms. Murray

20. Plaintiff Murray is a "person" as defined by 47 U.S.C. § 153(39).

21. Ms. Murray's telephone number, (XXX) XXX-1476, is listed on the National Do Not Call Registry and has been since January 12, 2006.

22. Ms. Murray's telephone number, (XXX) XXX-1476, is a residential telephone number that is not used for business purposes.

23. Ms. Murray signed up for a Hello Fresh trial subscription in late 2015 or early 2016.

24. Ms. Murray ended her trial subscription after a single meal delivery.

25. In fact, on January 5, 2016, the Plaintiff received the following e-mail:



We're so appy!

- Download our app now for iPhone and iPad!



We'll Miss You!



- Hi Grace,

My name is Seth Goldman and I'm the CEO here at HelloFresh US.

I heard that you recently deactivated your Classic Box Classic - 3 meals per week for 2 people, so I wanted to send you a quick note to thank you for being a part of the HelloFresh family.

---

Thanks again for being a part of the HelloFresh family. We really hope to see you again soon!

As always, Happy Cooking!



26. Several years later, in 2018, she began receiving calls from Hello Fresh.

27. The calls were telemarketing in purpose, designed to solicit Ms. Murray to purchase Hello Fresh services again.

28. Ms. Murray was not interested and informed the callers of that.

29. In fact, Ms. Murray specifically requested that she be placed on the Internal Do Not Call List of Hello Fresh.

30. However, the telemarketing calls to her continued.

31. In total, Ms. Murray believes she received at least 15 telemarketing calls.

## Class Action Allegations

32. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of classes of all other persons or entities similarly situated throughout the United States.

33. The class of persons Plaintiff proposes to represent is tentatively defined as:

**National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Hello Fresh (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

This is referred to as the "Class".

34. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

35. The Class as defined above are identifiable through phone records and phone number databases.

36. The potential members of the Class number at least in the thousands.

37. Individual joinder of these persons is impracticable.

38. The Plaintiff is a member of the Class.

39. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

  (a) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

  (b) whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

  (c) whether Defendant's conduct constitutes a violation of the TCPA; and

  (d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

40. Plaintiff's claims are typical of the claims of members of the Class.

41. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the Class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

42. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

43. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodialed Class)**

44. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

45. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

46. The Defendant's violations were negligent, willful, or knowing.

47. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

48. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, to any cellular telephone number in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representatives of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making autodialed calls, except for emergency purposes, to any cellular telephone number in the future.

F. An award to Plaintiff and the Class of damages, as allowed by law; and

G. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: December 30, 19

PLAINTIFF, on behalf of himself
and others similarly situated,

*/s/ Anthony Paronich*
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100