```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                                   )
GRACE MURRAY,                      )
                                   )
              Plaintiff,           )
                                   )
         v.                        )       CIVIL ACTION
                                   )       NO. 19-12608-WGY
GROCERY DELIVERY E-SERVICES        )
USA INC., doing business as        )
HELLO FRESH,                       )
                                   )
              Defendant.           )
                                   )
_____
```

YOUNG, D.J.                                          May 19, 2020

## MEMORANDUM OF DECISION

### I.   INTRODUCTION

**This case is an example of unintended consequences. Courts make rules so that everyone, big and small, is treated equally. Congress enacts those rules into law and passes other legislation protecting consumers. Arbitration holds out the promise of quick, inexpensive dispute resolution. A majority of the Supreme Court exalts arbitration above all other forms of dispute resolution. Corporations use arbitration to deny consumers the rights Congress has authorized, sometimes with the slimmest pretense of an agreement to arbitrate.**

This case features a time-traveling arbitration clause. Faced with a purported nationwide class action against Grocery Delivery E-Services USA, Inc. ("HelloFresh") for allegedly illegal telemarketing calls, HelloFresh sought to compel the named plaintiff ("Murray") to arbitrate her claims. It argued

that when she signed up for the service she clicked a box that signified her agreement to arbitrate future claims instead of litigating them in court.

Now, at the time the box was clicked, HelloFresh's terms and conditions made no mention of arbitration.  The arbitration clause was added two years later, long after Murray's sole use of HelloFresh's service.  HelloFresh contends that Murray is nonetheless bound by the later-added terms because, when she clicked that box two years earlier, the terms and conditions stated that HelloFresh could unilaterally change the terms of the contract so long as it notified the customer and she agreed or was silent (which would be treated as agreement).

This Court rejected HelloFresh's effort to compel arbitration because it is a bridge too far.  It is doubtful that such a later unilateral modification of the contract could bind Murray to arbitrate when there is no evidence that Murray ever agreed to surrender her rights to litigate in court.  Even were such a post-agreement arbitration clause enforceable, though, HelloFresh's modification failed to comply with its own notification requirements that were in effect when Murray clicked the box in 2015.  For that reason, as explained in more detail below, the Court DENIED the motion to compel arbitration.

**A.    Procedural History**

On December 30, 2019, Murray filed a complaint in this Court claiming that she received telemarketing calls from HelloFresh despite being listed on the National Do Not Call registry, in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227.  Compl., ECF No. 1.  She asks the Court for damages and injunctive relief on behalf of herself as well as a purported class of nationwide people similarly affected.  HelloFresh filed a motion to compel arbitration and an accompanying memorandum, which Murray opposed.  Notice Def. HelloFresh's Mot. Compel Arbitration, ECF No. 9, Mem. Supp. Def.'s Mot. Compel Arbitration ("Def.'s Mem."), ECF No. 10; Pl.'s Opp'n Def.'s Mot. Compel Arbitration (Opp'n), ECF No. 17. The Court heard oral argument by videoconference on April 22, 2020 and DENIED the motion to compel arbitration.  Order, ECF No. 33; Tr. Hr'g, ECF No. 26.

HelloFresh filed an appeal, ECF No. 28; No. 20-1492 (1st Cir. May 11, 2020), and asked the Court to stay further action while the appeal is pending, ECF Nos. 37-38.  The Court denied that motion, observing that "[t]he claim for arbitration borders on the frivolous."  Electronic Order, ECF No. 38.

**B.    Facts Alleged**

In considering this motion to compel arbitration, the Court must "draw the relevant facts from the operative complaint and

[3]

the documents submitted to the district court in support of the motion to compel arbitration." Cullinane v. Uber Techs., Inc., 893 F.3d 53, 55 (1st Cir. 2018) (citing Gove v. Career Sys. Dev. Corp., 689 F.3d 1, 2 (1st Cir. 2012)).

HelloFresh, a Delaware corporation based in New York, provides a service delivering weekly meal kits to subscribers. Def.'s Mem. 1-2.  Murray signed up for a trial subscription of HelloFresh on September 25, 2015.  Compl. ¶¶ 23-24; Decl. Andre Romao Supp. Def.'s Mot. Compel Arbitration ("Romao Decl.") ¶ 5, ECF No. 13.  When Murray signed up for her first and only HelloFresh delivery, there was a digital box that she checked indicating that she agreed to certain terms and conditions (the "Terms and Conditions"). Id. ¶¶ 4-5.

Murray then canceled this subscription after one delivery and received a confirmation email of this cancelation on January 5, 2016.  Compl. ¶¶ 24-25.  Murray claims that she has been listed on the Do Not Call Registry since 2006. Id. ¶ 21. Murray's phone is a personal phone, not used for business. Id. ¶ 22.  Murray alleges that, since canceling her HelloFresh subscription, she has received around 15 telemarketing calls from HelloFresh, despite asking it to place her on their own do-not-call list. Id. ¶¶ 26-30.  HelloFresh states that it contracts with vendors to place calls to prior customers regarding the quality of services.  Decl. Luca Fiaschi Supp.

[4]

Def.'s Mot. Compel Arbitration ("Fiaschi Decl.") ¶ 3, ECF No. 14. Based on these facts, Murray brought an action under the TCPA for damages and injunctive relief. See Compl. 10. HelloFresh argues that the Terms and Conditions require Murray to arbitrate these claims. Def.'s Mem. 1.

The parties agree that the 2015 Terms and Conditions did not include an arbitration clause. Def.'s Mem. 4; Opp'n 3. The Terms and Conditions did include the provisions that New York law would govern all disputes and that HelloFresh had the right to modify the terms. Romao Decl., Ex. B 21.1, 22, ECF No. 13-2. Due to changes in the law that favored arbitration, HelloFresh modified the terms for the 2017 year to include an arbitration provision. Def.'s Mem. 4; Decl. Anne Meninghaus Supp. Def.'s Mot. Compel Arbitration ("Meninghaus Decl.") ¶ 5, ECF No. 12. The arbitration clause covers all claims between the customer and HelloFresh and includes, among other things, a waiver of any right to bring a class action suit or class arbitration. Id., Ex. B, 2017 Terms and Conditions ¶ 24; see American Express Co. v. Italian Colors Restaurant, 570 U.S. 228 (2013) (holding that courts must enforce waiver of class arbitration rights).

HelloFresh states that it notified Murray of this change in the Terms and Conditions through emails containing a hyperlink to the new terms. Def.'s Mem. 4. Specifically, HelloFresh claims they sent Murray twenty-eight emails between April 2017

and January 2018 which stated, at the bottom: "Use of the HelloFresh service and website is subject to our Terms of Use." Id. at 4-5. The concluding phrase linked to the new 2017 terms containing the arbitration provision. Id. Murray avers that, to the best of her recollection, she "never opened (or 'clicked') on any hyperlinks contained in the promotional email." Decl. Grace Murray ¶ 7, ECF No. 18.

## II.  ANALYSIS

### A.  Standard of Review

The Federal Arbitration Act ("FAA") allows a party "aggrieved by another party's refusal to arbitrate to petition a district court to compel arbitration in accordance with the parties' preexisting agreement." CellInfo, LLC v. Am. Tower Corp., 352 F. Supp. 3d 127, 132 (D. Mass. 2018) (quoting Campbell v. General Dynamics Gov't Sys. Corp., 407 F.3d 546, 552 (1st Cir. 2005)); 9 U.S.C. § 4.  "The Supreme Court has stated that the FAA reflects 'a federal liberal policy favoring arbitration agreements.'" Cullinane, 893 F.3d at 60 (quoting AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 346 (2011)). Yet the FAA in no way compels parties who have not agreed to arbitrate to do so. Volt Info. Scis., Inc. v. Board of Trs. of Leland Stanford Jr. Univ., 489 U.S. 468, 478 (1989).

"To compel arbitration, the movant must demonstrate 'that a valid agreement to arbitrate exists, that [it] is entitled to

invoke the arbitration clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope.'" Patton v. Johnson, 915 F.3d 827, 833 (1st Cir. 2019) (quoting InterGen N.V. v. Grina, 344 F.3d 134, 142 (1st Cir. 2003)). "[F]or the most part, general principles of state contract law control the determination of whether a valid agreement to arbitrate exists." Campbell, 407 F.3d at 552.

**B.   The Agreement's Choice of Law Clause**

As a preliminary matter, HelloFresh's Terms and Conditions contain a New York choice-of-law provision. Romao Decl., Ex. B ¶ 22. HelloFresh suggests New York law should apply to determine the validity of the agreement, Def.'s Mem. 9, but this Court applies Massachusetts contract law to determine if the arbitration agreement is valid. See Bekele v. Lyft, Inc., 199 F. Supp. 3d 284, 294 (D. Mass. 2016) (Saylor, J.), aff'd, 918 F.3d 181 (1st Cir. 2019). Here, however, the parties agree that applying New York law would not materially change the outcome. Opp'n 7 n.3; Def.'s Mem. 9 n.2; see Engen v. Grocery Delivery E-Services USA Inc. d/b/a Hello Fresh., No. 19-cv-2433 (ECT/TNL), 2020 WL 1816043, at *4 (D. Minn. Apr. 10, 2020), appeal docketed, 20-1923 (8th Cir. May 5, 2020) (in nearly identical case, denying motion to compel arbitration under New York law due to ineffective notice through promotional emails).

**C.   Agreement to Arbitrate**

The parties disagree on the first step of the analysis: whether a valid agreement to arbitrate was formed.  See Def.'s Mem. 10; Opp'n 7.  To resolve this dispute, the Court looks to the original 2015 agreement.

The parties agree that Murray made her only HelloFresh purchase in 2015.  Def.'s Mem. 3; Opp'n 8.  To make her order, Murray had to check a box saying that she agreed to the Terms and Conditions, which were hyperlinked.  Romao Decl. ¶ 5.  When Murray clicked the "I agree" button on the HelloFresh website, she agreed to a clickwrap agreement.  A clickwrap contract is one where the agreeing party must affirmatively perform an action of assent but not necessarily view the terms to which they are agreeing.  See Cullinane, 893 F.3d at 61 n.10 (citing Berkson v. Gogo LLC, 97 F. Supp. 3d 359, 394-402 (E.D.N.Y. 2015)).  "Massachusetts courts have routinely concluded that clickwrap agreements -- whether they contain arbitration provisions or other contractual terms -- provide users with reasonable communication of an agreement's terms."  Bekele, 199 F. Supp. 3d at 295-96 (citing Ajemian v. Yahoo!, Inc., 83 Mass. App. Ct. 565, 576 (2013)).

The 2015 Terms and Conditions included a modification provision giving HelloFresh the right to change the terms:

> We have the right to revise and amend these terms and conditions from time to time to reflect changes in market conditions affecting our business, changes in technology, changes in payment methods, changes in relevant laws and regulatory requirements and changes in our system's capabilities.

Romao Decl., Ex. B, Terms and Conditions ¶ 21.1.  Murray argues that this clause invalidates the entire contract on the grounds that it is illusory or unconscionable.  Opp'n 9, 19.

Another session of this Court addressed this issue when it found a contract illusory invalidating an arbitration clause in McNamara v. S.I. Logistics, Inc., No. 17-12523-ADB, 2018 WL 6573125, at *3 (D. Mass. Dec. 13, 2018) (Burroughs, J.).  The court pointed to the unilateral modification clause as the invalidating factor and cited other decisions applying Massachusetts law that invalidated arbitration agreements that contained unilateral modification provisions.  Id.  Yet courts have also held that unilateral modification provisions may be valid if both notice and acceptance to the modified terms are required.  See Bekele, 918 F.3d at 189–90.

HelloFresh's 2015 Terms and Conditions stated:

> You will be subject to the policies and terms and conditions in force at the time that you order Products from us, unless any change to those policies or these terms and conditions is required to be made by law . . . or if we notify you of the change to those policies or these terms and conditions before we send you the Confirmation (in which case we have the right to assume that you have accepted the change to these terms and conditions, unless you notify us to

[9]

>      the contrary within seven working days of receipt by
>      you of the Products).

Romao Decl., Ex. B, Terms and Conditions ¶ 21.2.

The 2015 agreement seems to require both notice and acceptance of change in terms. For this reason, the contract that Murray agreed to in 2015 may not have been illusory or unconscionable. This Court, however, need not decide this issue because, as Murray argues, she "[n]ever had proper notice of the arbitration provision." Opp'n 8.

The Terms and Conditions state that a party will be bound by the agreement "in force at <u>the time that you order Products</u> from us." <u>Id.</u> (emphasis added). Murray ordered a single HelloFresh box in September 2015. Romao Decl. ¶ 5. HelloFresh's own terms state that a modification is valid only if a change was required by law "or if we notify you of the change. . . <u>before</u> we send you the Confirmation." Romao Decl., Ex. B, Terms and Conditions ¶ 21.2, (emphasis added).[1] The first purported notice of changed terms occurred in April 2017, long after after Murray's first and only order confirmation with HelloFresh. <u>See</u> Meininghaus Decl. ¶ 7.

---

[1] In a footnote, HelloFresh asserts that the modification clause's two specified ways of changing the terms are not "exhaustive." Def.'s Mem. 11 n.3. That reading clashes with the clause's text, which provides that the 2015 terms would control "unless" either of two situations were to occur. That wording leaves no room for other unmentioned exceptions.

[10]

Furthermore, the supposed notice was not notice at all. Emails allegedly serving notice to Murray of the change were promotional in nature. See id., Ex. D. The body of the email described sales and in large print depicted "60% OFF YOUR NEXT BOX" and "HELLOFRESH WINE 30% OFF."[2] Id. The alleged notice was given by a one-line statement at the bottom of the email which stated that "Use of the HelloFresh service and website is subject to our Terms of Use" or sometimes just the hyperlinked phrase "TERMS & CONDITIONS." Id. ¶ 7.

Another court recently held that nearly identical promotional emails by HelloFresh did not constitute valid notice under New York law because "[t]hey included no notice of changes to HelloFresh's Terms and Conditions" and the hyperlinked portion "appeared inconspicuously at the bottom of the message in small print." Engen, 2020 WL 1816043, at *5. Under Massachusetts law, Cullinane stressed conspicuous notice of the terms of an agreement and acceptance of those terms. 893 F.3d at 61-62. Cullinane examined the font size of the terms and conditions compared with the rest of the display, text color, and general appearance to the average reader. Id. at 63-64.

Here, the new terms were hyperlinked at the bottom of a page full of loud, colorful text regarding sales. See

---

[2] HelloFresh submitted only one email example of the "notice," so this Court infers that the rest were similar.

Meininghaus Decl., Ex. D.  They were hidden in small print in a paragraph of other text and there was nothing to draw attention to them or to suggest a change.  Id.  The terms were in black text while the rest of the email's promotions were spattered in bright green and yellow.  Id.  These updated terms were not conspicuously communicated to Murray.

"Reasonably conspicuous notice of the existence of contract terms and unambiguous manifestation of assent to those terms by consumers are essential if electronic bargaining is to have integrity and credibility."  Cullinane, 893 F.3d at 61 (alteration deleted) (quoting Ajemian, 83 Mass. App. Ct. at 573-75, 987 N.E.2d at 612).  Murray did not receive adequate notice of the 2017 modification and even if she had, the April 2017 notice would have been too little, too late per the terms of HelloFresh's own contract because it was not prior to confirmation of a purchase.

## III. CONCLUSION

The bottom line is that Murray never consented to any arbitration agreement with HelloFresh.  Federal law may favor arbitrations, but it does not deprive litigants of their day in court absent an agreement to arbitrate.  HelloFresh's unilateral modification provision, even if effective, does not salvage this belated arbitration clause because Murray was not properly

[13]

notified.  Accordingly, the Court DENIED HelloFresh's motion to compel arbitration, ECF No. 9.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE