UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GRACE MURRAY, AMANDA ENGEN, STEPHEN BAUER, JEANNE TIPPETT, ROBIN TUBESING, NIKOLE SIMECEK, MICHELLE MCOSKER, JACQUELINE GROFF, and HEATHER HALL, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>Plaintiffs,<br><br>v.<br><br>GROCERY DELIVERY E-SERVICES USA INC. DBA HELLO FRESH,<br><br>Defendant. | Case No. 19-cv-12608-WGY |

**[PROPOSED] FINAL JUDGMENT**

IT IS HEREBY ADJUDGED AND DECREED THAT:

This Final Judgment incorporates by reference the defined terms in the Settlement Agreement, as well as Amendment No. 1 to the Settlement Agreement and Release, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein ("Settlement Agreement"). The terms of the Settlement Agreement are fully incorporated in this Final Judgment as if set forth fully herein.

1. The Court has jurisdiction over the subject matter of this Action and all parties to the Action, including all Settlement Class Members.

2. The Settlement of this Action on the terms set forth in the Settlement Agreement, along with the exhibits thereto, proposed by the Parties has been approved by this Court.

3. The Court granted final certification, for purposes of settlement only, of a Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3), defined as:

All persons in the United States from September 5, 2015 to December 31, 2019 to whom HelloFresh, either directly or by a vendor of HelloFresh, (a) placed one or more calls on their cellphones placed via a dialing platform; (b) at least two telemarketing calls during any 12-month period where their phone numbers appeared on the NDNCR for at least 31 days before the calls; and/or (c) received one or more calls after registering the landline, wireless, cell, or mobile telephone number on which they received the calls with HelloFresh's Internal Do-Not-Call List.

Excluded from the Settlement Class are: (1) the Judge presiding over the Actions (or the Judge or Magistrate presiding over the action through which this matter is presented for settlement), and members of their families; (2) the Defendants, their parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest, and Defendant's current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors, or assigns of any such excluded person(s).

4. The list of persons excluded from the Settlement Class because they timely filed valid requests for exclusion has been included as an exhibit to the Declaration of Jay Geraci, employee of KCC Class Action Services, LLC submitted in connection with the Plaintiffs' Motion for Final Approval of the Settlement. Persons who filed timely, completed requests for exclusion are not bound by this Final Judgment, the Final Approval Order, or any of the terms of the Settlement Agreement and may pursue their own individual remedies against HelloFresh. However, such persons or entities are not entitled to any rights or benefits provided to Settlement Class Members by the terms of the Settlement Agreement.

5. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Settlement Class Members who have not timely and validly filed requests for exclusion are thus Settlement Class Members who are bound by this Final Judgment, the Final Approval Order, and the terms of the Settlement Agreement.

-3-

6.    Plaintiff and all Settlement Class Members who did not properly request exclusion are hereby: (1) deemed to have released and discharged HelloFresh from all claims arising out of or asserted in the Action and all claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.

7.    The full terms of the Settlement Class Members' release described in this paragraph are set forth in Section 2.2.1 of the Settlement Agreement, which provides: The Parties intend that this Agreement will fully and finally dispose of the Action and any and all Released Claims against the Released Parties. As of the Effective Date, each Releasing Party will be deemed to have completely released and forever discharged the Released Parties, and each of them, from and for any and all Released Claims. The term "Effective Date" is defined as: The first date after which the following events and conditions have occurred: (a) the Court has entered a Final Judgment; and (b) the Final Judgment has become final in that the time for appeal or writ has expired or, if any appeal and/or petition for review is taken and the settlement is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired. If the Final Judgment is set aside, materially modified, or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, this Agreement will be terminated and cancelled and the Parties will be returned to their positions *status quo ante* with respect to the Action as if this Agreement had not been entered into. The term "Released Claims" means: Any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling),

common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or relate in any way to the Released Parties' use of any telephone, or any telephone or dialing equipment, or an "automatic telephone dialing system," or an "artificial or prerecorded voice" to contact or attempt to contact Members of the Settlement Class. This release expressly includes, but is not limited to, all claims under the Telephone Consumer Protection Act and corollary or similar state law or enactment of any other statutory or common law claim arising. The Released Claims include any and all claims that were brought or could have been brought in the Action. The term "Unknown Claims" means: Claims that the Releasing Parties do not know or suspect to exist in their favor at the time of their granting a release, which if known by them might have affected their settlement of the Action. With respect to any and all Released Claims against any and all Released Parties, the Parties stipulate and agree that each Releasing Party shall have expressly waived the provisions, rights, and benefits of Cal. Civ. Code § 1542 or any federal, state, or foreign law, rule, regulation, or common-law doctrine that is similar, comparable, equivalent, or identical to, or that has the effect in whole or part of, Section 1542 of the California Civil Code, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY." Each of the Releasing Parties shall be deemed to have acknowledged, and by operation of the Final Judgment acknowledges, that he/she/it is aware that he/she/it may hereafter discover facts other than or different from those that they know or believe to be true with

respect to the subject matter of the Released Claims, but it is his/her/its intention to, and each of them shall be deemed upon the Effective Date to have, waived and fully, finally, and forever settled and released any and all Released Claims, whether known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

8.  The Settlement Agreement, this Final Judgment and the accompanying Final Approval Order, or the fact of the Settlement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession, or an admission by any plaintiff, defendant, Settlement Class Member, or Released Party of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, defense, wrongdoing, any claim of injury or damages, or otherwise of such Party.

9.  The Settlement Agreement, this Final Judgment and the accompanying Final Approval Order, or the fact of the Settlement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession, or an admission of any liability, fault, or wrongdoing, or in any way referred to for any other reason, by any plaintiff, defendant, Settlement Class Member, or Released Party or in any other civil, criminal, or administrative action or proceeding other than such civil proceedings as may be necessary to effectuate the provisions of the Settlement Agreement, this Final Judgment, and the accompanying Final Approval Order.

10. The Court hereby dismisses with prejudice the Action and all Released Claims against each and all Released Parties and without costs to any of the Parties as against the others.

-6-

11. Without affecting the finality of this Final Judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this Final Judgment and the Agreement, and all matters ancillary thereto. This includes, but is not limited to, any motions for discovery relating to the objectors.

12. The Court, finding that no reason exists for delay, hereby directs the clerk to enter this Final Judgment forthwith.

SO ORDERED this 15th day of Oct, 2021.

*William G. Young*
THE HONORABLE WILLIAM G. YOUNG
UNITED STATES DISTRICT COURT