```
 1                UNITED STATES DISTRICT COURT

 2               DISTRICT OF MASSACHUSETTS (Boston)

 3                         No. 1:19-cv-12608-WGY

 4

 5   GRACE MURRAY, on behalf of themselves and others
     similarly situated,
 6              Plaintiffs

 7
     vs.
 8

 9   GROCERY DELIVERY E-SERVICES USA, INC.,
                Defendant
10

11
                          *********
12

13              For Zoom Hearing Before:
                Judge William G. Young
14

15              Status Conference

16
                United States District Court
17              District of Massachusetts (Boston)
                One Courthouse Way
18              Boston, Massachusetts 02210
                Monday, April 3, 2023
19

20                        *******

21
              REPORTER: RICHARD H. ROMANOW, RPR
22                 Official Court Reporter
                 United States District Court
23      One Courthouse Way, Room 5510, Boston, MA 02210
                   bulldog@richromanow.com
24

25
```

```
 1                     A P P E A R A N C E S

 2

 3    ANTHONY I. PARONICH, ESQ.
         Paronich Law, P.C.
 4       350 Lincoln Street, Suite 2400
         Hingham, MA 02043
 5       (508) 221-1510
         Email: Anthony@paronichlaw.com
 6   and
      STACEY SLAUGHTER, ESQ.
 7       Robins, Kaplan, LLP
         800 LaSalle Avenue, Suite 2800
 8       Minneapolis, MN 55402
         (612) 349-8500
 9       Email: Sslaughter@robinskaplan.com
         For Plaintiffs
10

11    MICHAEL C. LUEDER, ESQ.
         Law Office of Michael C. Lueder
12       301 N. Broadway, Suite 400
         Milwaukee, WI 53202
13       (414) 273-8474
         Email: Mlueder@hansenreynolds.com
14       For Plaintiff Amanda Engen

15

16    SHANNON Z. PETERSEN, ESQ.
         Sheppard, Mullin, Richter & Hampton, LLP
17       12275 El Camino Real, Suite 200
         San Diego, CA 92130-4092
18       (858) 720-8900
         Email: Spetersen@sheppardmullin.com
19       For Defendant

20

21    ERIC ALAN ISAACSON, ESQ.
         Law Office of Eric Alan Isaacson
22       6580 Avenida Mirola
         La Jolla, CA 92037
23       (858) 263-9581
         Email: Ericalanisaacson@icloud.com
24       For the Objector, Sarah McDonald

25
```

```
 1            P R O C E E D I N G S
 2            (Begins, 12:00 p.m.)
 3            THE CLERK:  Now hearing Civil Matter 19-12608,
 4     Murray vs. Hello Fresh.
 5            THE COURT:  And good morning counsel, or really
 6     good afternoon.  This is a hearing held on our zoom
 7     platform at your request.  Our host for the hearing is
 8     Courtroom Deputy Clerk, Jennifer Gaudet.  The
 9     proceedings are taken down by our Official Court
10     Reporter, Rich Romanow.  I have law clerks on the line.
11            These proceedings are open to the public.  If any
12     member of the public is present, I remind you to keep
13     your microphone muted and that the rules of court remain
14     in full force and effect, and that is there is no
15     taping, streaming, rebroadcast, screen shots, or other
16     transcription of these proceedings.
17            With that stated, would counsel introduce
18     themselves, starting with the plaintiff.
19            MR. PARONICH:  Good afternoon, your Honor, Anthony
20     Paronich representing all of the plaintiffs, besides
21     Ms. Amanda Engen, and with me is m co-counsel, Stacey
22     Slaughter.
23            THE COURT:  And good afternoon to you.
24            And for the defense?
25            MR. LUEDER:  Michael Lueder on behalf of plaintiff
```

```
 1   Amanda Engen.
 2           THE COURT:  All right.
 3           And for the defense?
 4           MR. PETERSEN:  Shannon Petersen on behalf of the
 5   defendant, Hello Fresh.
 6           THE COURT:  And for the objector?
 7           MR. ISAACSON:  For Sarah McDonald, I am Eric Alan
 8   Isaacson.
 9           THE COURT:  Well good afternoon to you all.
10           As a preliminary matter I thought -- and I still
11   want to do it, I want to talk with you about how we're
12   going to proceed now, but I recognize and I -- the
13   clerks have checked, not -- there are two mandates
14   apparently and only one of them has been issued by the
15   Court of Appeals, so technically I have no jurisdiction
16   to act, and I'm not going to act, but I don't see any
17   reason that we ought not talk and figure out where we're
18   going to go here.
19           Can any of you explain what the other mandate is?
20   Naturally I've read the opinion of the Court of Appeals.
21           MR. PARONICH:  Anthony Paronich for the
22   plaintiffs, besides Ms. Engen, your Honor.  I didn't
23   even realize there had been a second one.  We were under
24   the impression of the latest mandate which is what we
25   thought prompted our conversation today.  So I apologize
```

```
 1      that we can't add any clarity on that.
 2              THE COURT:  All right.
 3              Does anyone?
 4              (Silence.)
 5              THE COURT:  Well technically that court has yet to
 6      issue another mandate in this case and naturally I
 7      respect that, so I'm not going to enter any orders.  But
 8      I do want to discuss things with you.
 9              So, Mr. Isaacson, you're the winner here, as far
10      as I can see, so why don't you start by telling me where
11      you would hope that the case might go from here?
12              MR. ISAACSON:  Yes, your Honor.  I think that the
13      mandate of the First Circuit that there needs to be
14      separate representation for subclasses is pretty clear.
15      I think that the appropriate thing to do would be to
16      give the class notice of the court's mandate so that
17      members of the class have the opportunity to step up and
18      represent the various subclasses that may be
19      appropriate.
20              I think that there ought to be both e-mail notice
21      to those four class members for whom the parties have
22      their e-mails and there should also be a published
23      notice, be a little bit like the published notice that
24      goes out in a private Securities Litigation Reform Act
25      case where, um, people are notified that there's a class
```

```
 1    action that's been filed and that they can seek
 2    appointment.
 3           THE COURT:  All right.  Now I think that makes
 4    sense and, um, we can do that.
 5           May I ask you?  Assuming that some class members
 6    who are on the do-not-call list, um, come forward, are
 7    you going to represent those people?
 8           MR. ISAACSON:  I would be happy to do so.  You
 9    know I'm representing Sarah McDonald as an objector.
10    She has not been all that interested in being a class
11    rep, I have to say.  I'm primarily an appellant lawyer
12    myself and I'm anticipating the potential for, um,
13    additional work on remand, um, motions were filed today
14    for two additional attorneys to come in pro hac to do
15    additional work in the case.  But, yes, I think we'd be
16    interested in representing people on the do-not-call
17    list.
18           THE COURT:  All right.  Then let me say this.  I
19    think the most we can do today, since the mandate has
20    not come down, or I think the most helpful thing that
21    can be done, is if I shared with you my response to the
22    opinion of the First Circuit, which of course I will
23    give it full force and effect eagerly, and this is what
24    I think it's telling me.
25           I think Mr. Isaacson is right, um, we -- at
```

1    minimum we need a subclass for those who are on the
2    do-not-call list.  Once that's sorted out, we need --
3    and I think he's got the right idea, we ought to give
4    notice to the class members.  And, um, once that's
5    sorted out and that subclass is adequately represented,
6    the question I have is this.
7         Do the plaintiff classes, the -- at least two
8    classes, are those classes satisfied with the overall
9    amount of the settlement?  Now if they are, then it
10   seems to me that's all we need in the way of classes and
11   we need to figure out a procedure to vindicate the
12   rights of those who are on the do-not-call list and
13   those who are not within the overall settlement already
14   negotiated and, um, I don't think we need to hear very
15   much from Hello Fresh if that's so, because their
16   exposure is no greater.
17        On the other hand, if the, um, plaintiffs, as we
18   sort out these classes, are not satisfied with this
19   settlement, the opinion of the Court of Appeals vacates
20   it, then I'm not clear what the number of subclasses is
21   because, um, the issue of the propriety of arbitration
22   for those class members to whom arbitration in fact is
23   the agreed-upon remedy is one thing and then there are
24   class members for whom arbitration is not an appropriate
25   remedy, and so I can conceive of, um, potentially, um,

1    three classes.  Four classes.  Do-not-call list, no
2    arbitration.  Do-not-call list, subject to arbitration.
3    Not on the do-not-call list, not subject to arbitration.
4    Not on the -- or on the do-not-call list, but subject to
5    arbitration.
6         But again I can't enter any orders, that's what
7    I'm thinking about the case, and I think, um -- let me
8    say -- and then I do want to hear from the rest of you
9    simply because I appreciate your taking the time to have
10   this discussion with me, I think that once the
11   jurisdiction is returned to this court, I think I can
12   say this clearly, it is my intention, as Mr. Isaacson
13   advises, to order that notice of the decision of the
14   First Circuit be given to all class members and, um,
15   with the expectation that, um, I will be in a position
16   then to appoint -- to order such appropriate subclasses
17   as may be and appoint counsel for them.
18        Now that said, let me turn to the plaintiff.  You
19   need not respond because I realize I don't have
20   jurisdiction, but I invite it because it would be
21   helpful.
22        MR. PARONICH:  Thank you, your Honor, and we would
23   like to briefly advise the Court of our intentions and
24   where we see the litigation proceeding.  Which is
25   plaintiffs, beside Ms. Engen, do intend, once

1    jurisdiction is returned to the Court, to file an
2    amended complaint where their sole claim will be focused
3    on the national do-not-call registry plans.
4         Second of all, we do think that, after consulting
5    with our appellate team as well, is that we'll likely
6    also need a judicial reassignment if we understand
7    Massachusetts Appellate Local Rule 40.1(k)(2).
8         THE COURT:  I don't -- I will tell you, I don't so
9    read the rule because there was no trial, it was a
10   settlement, and I'm the one who's familiar with this, so
11   I propose to continue managing the case.
12        MR. PARONICH:  Understood, your Honor.
13        So that our intention is nonetheless to file an
14   amended complaint focusing exclusively on the national
15   do-not-call registry claims.
16        THE COURT:  All right.
17        And for the individual plaintiffs?
18        MS. SLAUGHTER:  Go ahead.
19        MR. LUEDER:  Ms. Slaughter, do you have something
20   that you wanted to add?
21        MS. SLAUGHTER:  Yeah, I wanted to add, um, in fact
22   notice of the First Circuit's opinion has in fact
23   already been posted on the settlement's website.  So,
24   um, we have taken steps to -- the initial step to
25   appropriately advise the class.

1      But as Mr. Paronich said, our intention is to move
2 forward representing the do-not-call registry plaintiffs
3 because those are the plaintiffs that we currently
4 represent.
5      And I'm sorry, Mr. Lueder, I will hand it over to
6 you.
7      MR. LUEDER:  Your Honor, I've been retained by
8 Amanda Engen to negotiate an individual settlement on
9 her behalf.  She is -- was and is currently the class
10 representative for those who are not on the national
11 do-not-call list, but rather the internal Hello Fresh
12 do-not-call list.  She was the only such class
13 representative.  I've negotiated a settlement for her.
14 We expect to be filing that paperwork within the next 45
15 days or so as the various settlement terms play out.
16      THE COURT:  Well, thank you, that's helpful.
17      And, Mr. Petersen, what do you say, sir?
18      MR. PETERSEN:  Yes, thank you.
19      First of all, I'd like to first point out that we
20 have no settlement, you know we have no class, we need
21 to keep that in mind, and frankly I'm not sure that the
22 objector's counsel has any standing because we have no
23 settlement and we have no class.
24      THE COURT:  Well when you say "We don't have a
25 settlement and we haven't got a class," you're depending

Case 1:19-cv-12608-WGY    Document 134    Filed 04/11/23    Page 11 of 14

11

```
 1   upon the opinion of the Court of Appeals?
 2          MR. PETERSEN:  Correct.  So by issuing that
 3   opinion --
 4          THE COURT:  I have no pride of place, but they
 5   issue opinions, the opinions have to be -- and then they
 6   issue a mandate.  Now once their mandate completely
 7   comes down, my unequivocal duty is to carry it into full
 8   force and effect.  So I'll issue the order that in fact
 9   dissolves anything that has already been done.  You are
10   right, sir, but for the moment we're waiting to see what
11   the Court of Appeals ultimately mandates.  I can't
12   believe it will make a substantive change.
13          Go ahead.
14          MR. PETERSEN:  Yes, thank you.  Of course I
15   appreciate that and it's understood.
16          Now we are continuing negotiations in good faith
17   with plaintiffs counsel and we're cautiously optimistic
18   that we're going to actually resolve a deal.  We already
19   have a deal on an individual basis that will dispose of
20   Mr. Engen's individual claims.  And then I'm going to be
21   renegotiating with plaintiffs' counsel you know a
22   potential new class deal, and we've already met with a
23   mediator and we've made some progress in that regard.
24   But it would be a new class settlement that would of
25   course take into account the Court of Appeals rulings to
```

```
 1   make sure that, you know, we're abiding by that court's
 2   rulings.
 3        But I do want to make sure that, you know, it is
 4   clear that -- again understand that we've got to get the
 5   mandate, um, but that the class settlement deal that
 6   we've had was contingent upon approval up through the
 7   Court of Appeals and we don't have it.  So we kind of
 8   have to go back to Square 1.
 9        THE COURT:  Yeah, I emphatically agree that we
10   don't have that and I fully recognize that we have to go
11   back to Square 1.  And everything you say is very
12   helpful.  I think, um, the purposes for which I called
13   this conference have been accomplished.  We'll wait for
14   that mandate to come down.  And then before I enter any
15   sort of order other than an order that complies with the
16   mandate to dissolve any extant orders, I'll set another
17   status conference and you can tell me where discussions
18   are.
19        Does that make sense?
20        MR. PARONICH:  It does for the plaintiffs, your
21   Honor.  Thank you.
22        THE COURT:  And Mr. Petersen?
23        MR. PETERSEN:  Yes, it does.  Thank you, your
24   Honor.
25        THE COURT:  Anything else to be said today?  And I
```

13

1  do thank you.
2         MR. PARONICH:  Not for the plaintiffs, your Honor.
3  Thank you for your time.
4         MR. LUEDER:  Not for Ms. Engen.
5         MR. PETERSEN:  No, your Honor.
6         THE COURT:  Very well.
7         All right, we'll stand in recess, and I thank you
8  for your time.  We'll recess.
9         (Ends, 12:15 p.m.)

```
 1            C E R T I F I C A T E
 2
 3
 4       I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER,
 5  do hereby certify that the foregoing record is a true
 6  and accurate transcription of my stenographic notes
 7  before Judge William G. Young, on Monday, April 3, 2023,
 8  to the best of my skill and ability.
 9
10
11
12  /s/ Richard H. Romanow 04-11-23
    _____
13  RICHARD H. ROMANOW    Date
14
15
16
17
18
19
20
21
22
23
24
25
```