```
 1                  UNITED STATES DISTRICT COURT

 2                  DISTRICT OF MASSACHUSETTS (Boston)

 3                           No. 1:19-cv-12608-WGY

 4

 5   GRACE MURRAY, on behalf of themselves and others
     similarly situated,
 6              Plaintiffs

 7
     vs.
 8

 9   GROCERY DELIVERY E-SERVICES USA, INC.,
                Defendant
10

11
                             *********
12

13              For Zoom Hearing Before:
                Judge William G. Young
14

15              Status Conference

16
                United States District Court
17              District of Massachusetts (Boston)
                One Courthouse Way
18              Boston, Massachusetts 02210
                Tuesday, July 25, 2023
19

20                           *******

21
             REPORTER: RICHARD H. ROMANOW, RPR
22                Official Court Reporter
               United States District Court
23   One Courthouse Way, Room 5510, Boston, MA 02210
                  bulldog@richromanow.com
24

25
```

```
 1                    A P P E A R A N C E S

 2

 3    RAINA C. BORRELLI, ESQ.
      SAMUEL J. STRAUSS, ESQ.
 4       Turke & Strauss, LLP
         613 Williamson Street, Suite 201
 5       Madison, WI 53703
         (608) 237-1775
 6       Email: Raina@turkestrauss.com
    and
 7    STACEY SLAUGHTER, ESQ.
         Robins, Kaplan, LLP
 8       800 LaSalle Avenue, Suite 2800
         Minneapolis, MN 55402
 9       (612) 349-8500
         Email: Sslaughter@robinskaplan.com
10       For Named plaintiff

11
      MICHAEL C. LUEDER, ESQ.
12       Law Office of Michael C. Lueder
         301 N. Broadway, Suite 400
13       Milwaukee, WI 53202
         (414) 273-8474
14       Email: Mlueder@hansenreynolds.com
    and
15    EDWARD A. BRODERICK, ESQ.
         Broderick Law, P.C.
16       176 Federal Street, Fifth Floor
         Boston, MA 02110
17       (617) 738-7080
         Email: Ted@broderick-law.com
18       For Plaintiff Amanda Engen

19
      SHANNON Z. PETERSEN, ESQ.
20       Sheppard, Mullin, Richter & Hampton, LLP
         12275 El Camino Real, Suite 200
21       San Diego, CA 92130-4092
         (858) 720-8900
22       Email: Spetersen@sheppardmullin.com
         For Defendant
23

24

25       (Continued.)
```

```
 1       (Continued.)

 2


 3    ERIC ALAN ISAACSON, ESQ.
         Law Office of Eric Alan Isaacson
 4       6580 Avenida Mirola
         La Jolla, CA 92037
 5       (858) 263-9581
         Email: Ericalanisaacson@icloud.com
 6    and
      JOHN W. DAVIS, ESQ.
 7       Law Office of John Davis
         3030 N. Rocky Point Drive West
 8       Suite 150
         Tampa, FL 33607
 9       (813) 533-1972
         Email: John@johnwdavis.com
10       For the Objector, Sarah McDonald

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1            P R O C E E D I N G S
 2            (Begins, 10:00 p.m.)
 3            THE CLERK:  Now hearing Civil Matter 19-12608,
 4   Murray versus HelloFresh.
 5            THE COURT:  Good morning counsel, thank you for
 6   attending on this status conference held at your request
 7   on our zoom platform.  Our host for the conference is
 8   Courtroom Deputy Clerk, Jennifer Gaudet.  These
 9   proceedings are taken down by our Official Court
10   Reporter, Rich Romanow.
11            If the -- and the proceedings are open to the
12   public.  If any members of the public are present, you
13   are welcome, but I must remind you to keep your
14   microphone muted and the rules of court remain in full
15   force and effect, and that means there's no taping,
16   streaming, rebroadcast, screen shots, or other
17   transcription of these proceedings.
18            With that said, could counsel introduce
19   themselves, starting first with the plaintiff.
20            MS. BORRELLI:  Good morning, your Honor, Raina
21   Borrelli from Turk & Strauss on behalf of the plaintiff,
22   and joined by my colleague, Samuel Strauss, and Stacey
23   Slaughter.
24            THE COURT:  Good morning to the three of you.
25            MR. LUEDER:  Michael Lueder on behalf of Amanda
```

1    Engen and I have with me counsel, Ted Broderick.  I
2    don't think we're required on this call, your Honor,
3    because our client has been dismissed as of April, but
4    we did get an invitation to the call so I didn't want to
5    disregard it.
6            THE COURT:  I appreciate your courtesy.  That does
7    appear to be supererogatory and you are certainly not
8    required to stay.  But thank you for attending, and
9    you're free to go.
10           MR. LUEDER:  And we can disregard such future
11   notices, your Honor?
12           THE COURT:  You can.
13           MR. LUEDER:  Thank you, your Honor.
14           THE COURT:  And for the defense?
15           MR. PETERSEN:  Good morning, your Honor, Shannon
16   Petersen for defendant Grocery Delivery E-Services, Inc.
17           THE COURT:  And we have counsel for the objector
18   here?
19           MR. ISAACSON:  Yes, your Honor.  I'm Eric Alan
20   Isaacson for objector Sarah McDonald.
21           THE COURT:  And welcome to you.
22           MR. ISAACSON:  Thank you.
23           MR. DAVIS:  Good morning, your Honor, John Davis
24   also for Sarah McDonald.
25           THE COURT:  And good morning.

```
 1              All right, why don't -- we'll start with the
 2    plaintiff.  Tell us where we are here in this case?
 3              MS. BORRELLI:  Thank you, your Honor.
 4              So I think we are back in your court before your
 5    Honor and ready to proceed.  My understanding is that
 6    Mr. Isaacson, on behalf of his clients, have requested
 7    an extension of time to file a cert petition review with
 8    the Supreme Court and that that extension expired on
 9    June 22nd without any such petition being filed.  And
10    thus we are back before your Honor as the mandate had
11    already issued from the First Circuit.  So I believe we
12    are ready to set a schedule and a plan for moving
13    forward in this case now that all reasons for delay have
14    kind of been resolved.
15              THE COURT:  Very well.
16              What do you, um -- now I'll defer to you for the
17    moment.  When do you think you'll be ready for trial?
18              MS. BORRELLI:  Well, your Honor, I think the first
19    thing that we intend to do, with the consent of counsel
20    for the defendant, is to file an amended consolidated
21    complaint, that will narrow the claims being asserted in
22    the case on behalf of the remaining plaintiffs to a
23    national do-not-call registry class.  At that point,
24    once we get that amended complaint on file, we believe
25    we should set a Rule 16 and set a schedule with a trial
```

```
 1   date.
 2        THE COURT:  That makes sense to me.  I have this
 3   concern.  But let me -- before I express my concern, let
 4   me turn to the objector.
 5        That makes sense to you, doesn't it?
 6        MR. ISAACSON:  No, it does not, your Honor,
 7   because the mandate of the First Circuit says that there
 8   have to be subclasses, they cannot simply abandon a
 9   subclass that is a part of the case and that the First
10   Circuit has mandated it means to be separately
11   represented.
12        THE COURT:  You anticipated me and I'm glad I
13   called upon you.
14        Back to the plaintiff.  That's true, isn't it?
15        MS. BORRELLI:  Your Honor, I agree that is what
16   the First Circuit's ruling said, although if a different
17   operative pleading was in place in this case and setting
18   aside any settlement, because that would need to be
19   separately resolved if there was a new complaint, I
20   don't believe that if there are any subclasses asserted
21   in the case, I'm not sure how --
22        THE COURT:  You can't just -- you can't -- no, the
23   point to me is a simple point and it's a matter of
24   concern because you've floated this idea before.  You
25   can't just now jettison -- this is a putative class
```

1  action.  You can't just jettison the people who were not
2  on a do-not-call list, but who obtained these unwanted
3  calls for whom you earlier had negotiated a settlement.
4  I erroneously was prepared to pay those people precisely
5  the same payout as the people on the do-not-call list.
6  That's my error in this case.  That's the reason that
7  the First Circuit, with the skilled objections that have
8  been made here, that's the reason the First Circuit
9  reversed and vacated the settlement.  So we're back
10 to -- yes, you're back in this court, but you're back in
11 this court on a complaint that alleges a putative class
12 action of everyone who HelloFresh called.
13      Now I understand the logic of proceeding more
14 narrowly as to the people on the do-not-call list, but
15 it does seem to me that we have to resolve what happened
16 to the people who were called as to whom you settled
17 and, um, as to whom the First Circuit has pointed out
18 the settlement was erroneous.
19      Let me turn to the objector and say, um, I think
20 you're right.  How shall I go about appointing class
21 counsel?
22      MR. ISAACSON:  I think there needs to be some sort
23 of a notice to the class.  I mean they received notice
24 about this class action.  If they don't receive notice
25 of the right to intervene and to, um, represent their

1	interests as members of these other subclasses that, um,
2	class counsel seeks to abandon, they'll be really
3	prejudiced, their claims will basically be barred by the
4	statute of limitations, they'll be barred from
5	litigating the claims as a group action or a class
6	action at a minimum.  So I think there needs to be
7	notice to the class.  And there specifically has to be
8	notice to the internal do-not-call registry class
9	members who might have been represented by Amanda Engen,
10	had she not compromised and dismissed her claim with the
11	apparent cooperation of both, um, defense counsel with
12	whom she settled and class counsel who had an obligation
13	to represent the interests of the class that they had
14	initially filed on behalf of in order to get the
15	separate representation.  It's not clear what the terms
16	of that dismissal are.  We need to find out what the
17	terms of that dismissal are.  And I think we also need
18	to have HelloFresh reveal how many people are on the
19	internal do-not-call registry, um, and to make specific
20	contacts with those folks who are on the internal
21	do-not-call registry so that there would be separate
22	representation of them.
23	        THE COURT:  Now I say to the plaintiff, all of
24	that makes sense to me.  I mean I'm bound to carry out
25	the mandate of the First Circuit, that's -- this is not

1  a case where had there been no appeal, where I would
2  play a larger role in crafting it.  Here, um, I have a
3  duty under the mandate to carry out that mandate, and of
4  course I'm going to do it.  And I freely acknowledge my
5  mistake, this is not one of those cases where I somehow
6  think that, um, cooler heads have seen something here, I
7  made a mistake and they properly corrected it.
8       So is that -- yes, we'll --
9       MR. PETERSEN:  Yes, your Honor.
10      THE COURT:  Yes.
11      MR. PETERSEN:  I have not yet been heard and I
12  just need to be heard briefly.
13      THE COURT:  Yes.
14      MR. PETERSEN:  This clearly is an interesting
15  procedural situation.  But as we view it, I mean there
16  currently is no class and there is no settlement and --
17      THE COURT:  But there is a class, a putative
18  class.
19      MR. PETERSEN:  A putative class.
20      THE COURT:  Right.
21      MR. PETERSEN:  There's a very big difference
22  between a class and a putative class.
23      I would note -- I don't believe that the First
24  Circuit ordered that a class must be certified with
25  subclasses with separate legal counts, I believe the

1    First Circuit ordered the class as presented shouldn't
2    be certified.  So I think we're back to Square 1.  We
3    don't have a settlement agreement, all we have is a
4    putative class, and then we move forward on that basis.
5         Now I have a couple of other comments, if I may?
6         THE COURT:  Yeah, but let me interrupt you at this
7    point and I'm interested to get your other comments.
8    Because I agree with what you say except -- and I
9    haven't certified any class, but it seems -- except as
10   part of a settlement, the settlement which is now void
11   by order of the First Circuit.  But having said that,
12   um, it remains -- it seems to me I can't just jettison
13   people and have an entirely new complaint filed without
14   at least notice to the people in the -- in the entire
15   group and pointing out the various subgroups into which
16   they may fall, and then see what happens.  You think
17   I -- well I understand you think I don't need to do
18   that, but I must tell you with respect that I think I
19   do.
20        Now what other point should I consider?
21        MR. PETERSEN:  A couple of other points, your
22   Honor.  So I'm concerned about this language with
23   respect to "jettisoning" the other members of the class.
24   These people exist.  They have the claims they've always
25   claimed or have the claims they've always had, they

1     could always bring separate claims and they've chosen
2     not to.
3          I would also comment that with respect to these
4     other subclasses, other than the national do-not-call
5     class, that the First Circuit itself commented the ATDS
6     class seemed virtually worthless and cut off by the
7     Supreme Court's decision in ***Facebook vs. Duguid,*** the
8     point that the objector made as well, that the ATDS
9     class, by far the largest, was essentially worthless.
10    And that the third class, the internal do-not-call
11    class, also a subclass that the objector repeatedly
12    commented, had virtually no claims.  So the objector
13    repeatedly took the position, and at least with respect
14    to the ATDS subclass, and the First Circuit agreed, that
15    those individuals simply had no claims.
16         So we think the most efficient way to proceed is
17    to file an amended complaint, move forward with the
18    national do-not-call class, the only class that the
19    objector in the First Circuit seemed to believe had any
20    particularly strong claims on the merits, without
21    prejudice to the rights of anyone else that might be
22    part of the ATDS class or the internal do-not-call class
23    to bring their own separate individual claims, which
24    they also had a right to do and they had notice with
25    respect to the first round, um, pursuant to the

1    preliminary approval and the final approval with respect
2    to the first notice.  And I will tell you there are many
3    people that did opt out and we separately dealt with
4    those and we separately settled them.
5         We've got a bit of a predicament about these other
6    subclasses not having any representation and how do we
7    proceed -- well currently they have representation.  But
8    if we amend and we've got just a do-not-call class, then
9    how do we move forward?
10        THE COURT:  Well let me try this, this would seem
11   to be both sensitive to the rights of all parties.
12   Having filed its original complaint and named a putative
13   class, the statute of limitations ceases to run as to
14   all potential members of this putative class.  It seems
15   to me we could get together -- you could get together,
16   and work out a notice -- and by "you" I mean all the
17   parties to this call, work out a notice to all members
18   of this so-called "putative class," and say that unless
19   you wish -- and I'm talking off the top of my head here,
20   but unless you engage counsel to assert your rights,
21   then at such and such a time in the future the Court is
22   going to no longer treat this case as a putative class
23   action, and that puts them on warning that the statute
24   of limitations will commence to run.
25        Once that's done, then if anybody files such a

1   notice, we can deal with it.  If they don't, because the
2   claims of these two subclasses are, as you say,
3   "virtually worthless," um, I will have given notice to
4   everyone and the statute of limitations could kick in,
5   people can do what they want, and I don't have a
6   putative class action and an amended complaint if the
7   named plaintiffs represented by current counsel want to
8   go forward, um, it can be filed.
9           We'll start with the defense.  What do you think
10  of that?
11          MR. PETERSEN:  It is unusual.  I do wonder about a
12  vehicle for notice when we don't have a class, and there
13  is of course a cost associated with this notice.
14          THE COURT:  Of course.
15          MR. PETERSEN:  Nevertheless I have a hard time
16  objecting to what's being proposed.
17          THE COURT:  Yeah, I really appreciate your candor
18  and I'm not insensitive to the cost, and that's
19  something we'll keep in mind.
20          Objector, what do you think about that?  We're
21  giving adequate notice, I will, um -- the notice will
22  point out the Court's intention no longer to proceed on
23  the basis of this putative class as of some reasonable
24  doubt, unless a claim is asserted.  What do you think
25  about that?

1     MR. ISAACSON:  Your Honor, I think that the notice
2  is necessary, um, absolutely, and I think that it's
3  particularly needed because notice has gone to the
4  class.  Mr. Petersen says that there were people who
5  opted out, well that's fine, some people opted out, but
6  there are a lot of people who chose to participate who
7  think they're part of a class action, and for their
8  claims to just be thrown away without them being told,
9  um --
10     THE COURT:  But you're arguing on that point when
11  I'm with you.
12     MR. ISAACSON:  Yes, thank you, Judge.
13     THE COURT:  We'll just tell them.  I'm at least no
14  longer going to proceed as a class and they're no longer
15  represented.
16     So let's turn to the plaintiff.  What do you think
17  about that?
18     MS. SLAUGHTER:  This is Stacey Slaughter.  I want
19  to point out that I do believe that during the last
20  hearing we did specifically discuss providing some
21  notice to the class, but for the reasons Mr. Petersen
22  identified, um, as well as the fact that we were on
23  appeal, and we've also had to wait out an additional
24  potential Supreme Court appeal by the objector, no
25  notice has yet gone out.  By I think we do agree, we

```
 1   said we would keep the website updated, and we do agree
 2   that another plan makes the most sense.
 3           THE COURT:  All right.  So suppose I enter an
 4   order, um, what, to -- that by September 15th you submit
 5   a proposed -- and by "you," I mean "you" collectively,
 6   plaintiff, defendant, objector, submit a notice that
 7   covers these points, um, expresses the Court's
 8   intention, and gives all the members a chance to take a
 9   position.
10           Is this September 15th enough time for you all to
11   confer and submit to me a proposed notice?
12           MS. BORRELLI:  It is.
13           (Pause.)
14           THE COURT:  I hear no dissent.  Well then let's
15   make that the order.
16           That by the 15th of September the parties will
17   submit to the Court a notice adequate to cover the
18   points discussed in this status conference.  The Court
19   expresses its view that I am willing to dismiss so much
20   of the original complaint as asserts a class, so that
21   the statute of limitations will kick in at some -- and
22   it will be set out in the notice, at some future time.
23   You figure out the sufficient time.  So you understand
24   what I am committing to do.  Then we'll see what happens
25   and, um, once that time has run, we'll see where we are.
```

```
 1            All right.
 2            MR. PETERSEN:  Your Honor, on one point?
 3            THE COURT:  Please.
 4            MR. PETERSEN:  No issues with the notice.  And all
 5   due respect to Mr. Isaacson, but I do wonder the ongoing
 6   role of the objector in all of this, including in
 7   commenting on the notice?  He represents Ms. McDonald,
 8   there's no class certified, she's not a party to this
 9   litigation, I'm not sure that the objector really has
10   standing to continue to participate.  And quite frankly
11   I think that Mr. Isaacson has different -- let's put it
12   this way, different goals in mind than the counsel for
13   the parties.
14            THE COURT:  Again candor is always appreciated and
15   I understand that, but I guess you give me pause,
16   Ms. McDonald is not part of this litigation?
17            MR. PETERSEN:  She's not a party to this action.
18   She is a part of the putative class for which there is
19   no --
20            THE COURT:  Well there's not going to be any more.
21   But until that notice goes out and the response that the
22   notice will ask for comes back, um, we won't know.
23            Oh, no, for now he's still part of it, um,
24   Ms. McDonald done is still part of it, and I'm pleased
25   to hear him.  There may come a time when he's not.
```

1       All right, this, um -- to the extent that this is
2  a procedural snarl, I take, um, a certain amount of the
3  responsibility for that, but we'll be very clear, that
4  the first thing we're going to do is carry out the
5  mandate of the First Circuit.
6       It really is a pleasure working with you people
7  and we'll stand in recess.  What I expect now is the
8  joint proposed notice by the 15th of September and then
9  I'll schedule another status conference.
10      Very well, we'll stand in recess.
11      (Ends, 10:20 a.m.)

```
 1                C E R T I F I C A T E
 2
 3
 4        I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER,
 5   do hereby certify that the foregoing record is a true
 6   and accurate transcription of my stenographic notes
 7   before Judge William G. Young, on Tuesday, July 25,
 8   2023, to the best of my skill and ability.
 9
10
11
12   /s/ Richard H. Romanow 08-1-23
     _____
13   RICHARD H. ROMANOW    Date
14
15
16
17
18
19
20
21
22
23
24
25
```