THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GRACE MURRAY, STEPHEN BAUER, JEANNE TIPPETT, ROBIN TUBESING, NIKOLE SIMECEK, MICHELLE MCOSKER, JACQUELINE GROFF, and HEATHER HALL, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GROCERY DELIVERY E-SERVICES USA INC. DBA HELLO FRESH<br><br>Defendant. | Case No. 1:19-cv-12608-WGY |

## ~~[PROPOSED]~~ *nkn* ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND DISTRIBUTION

Before the Court is the Joint Motion of Plaintiffs and Objector for Final Approval of Class Action Settlement and Distribution ("Motion for Final Approval"). The Motion seeks approval of the Revised Settlement as fair, reasonable, and adequate.

Having reviewed and considered the Revised Settlement Agreement and the Joint Motion for Final Approval, the Court makes the findings and grants the relief set forth below approving the Revised Settlement upon the terms and conditions set forth in this Order.

**WHEREAS,** on December 28, 2020, the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (**Doc. No. 68**) of the original settlement in this matter and ordered that notice be sent to all 4,869,004 individuals in the settlement class that had a potential TCPA claim involving: (1) autodialed calls to cellular telephones, (2) telemarketing calls to an individual on the National Do-Not-Call Registry, or (3)

telemarketing calls to an individual who had asked to be placed on the Internal Do Not Call Registry.

**WHEREAS,** on October 15, 2021, the Court issued an order granting final approval of that class-action settlement over the objection of Objector Sarah McDonald (Doc. No. 107). The Objector appealed to the U.S. Circuit Court of Appeals for the First Circuit, which, on December 16, 2022, issued a ruling reversing the final-approval order of the District Court. *Murray et al. v. Grocery Delivery E-Services USA Inc. d/b/a Hello Fresh*, 55 F.4th 340 (1st Cir. 2022) because the class consisted of members with claims involving different elements and defenses and because the relative values of those different claims was not sufficiently clear-cut to enable a court to approve a proposed apportionment of a common fund in the absence of an informed arm's length negotiation. *Id.* at 351. The First Circuit upheld the settlement's provision of incentive awards and remanded for further proceedings consistent with its opinion. *Id.* at 353-54.

**WHEREAS,** the parties and the Objector Sarah McDonald subsequently negotiated the Revised Settlement under the guidance of the Honorable Patrick King, Chief Settlement Counsel for the First Circuit Court of Appeals. The settlement class contemplated by the Revised Settlement consists only of those individuals who received telephone calls and whose numbers were listed on the National Do-Not-Call Registry.

**WHEREAS,** On October 10, 2023, plaintiffs filed a Second Amended Complaint limiting the individual and class claims to unsolicited telemarketing calls to plaintiffs on residential telephone numbers listed on the National Do Not Call Registry.

**WHEREAS,** the parties propose and the Objector Sarah McDonald propose that individuals excluded by the new class definition will receive notice that they are not covered by

the agreement and that informs them of their right to pursue their own claims. *See* Doc. Nos. 155, 156, 165.

**WHEREAS**, the parties' Revised Settlement, limited to individuals who received telephone calls and whose numbers were listed on the National Do-Not-Call Registry, will substantially increase the recovery that the Revised Settlement class members will receive, and thus notice need not reissue to the Revised Settlement class members, nor do they need to be given an additional opportunity to opt-out, object, or make claims. Rather, Revised Settlement class members will now receive their settlement payments.

**WHEREAS**, the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS**, the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Revised Settlement Class;

Having reviewed the submissions of Plaintiffs and Objector Sarah McDonald, the Revised Settlement, and the proposed notice to those who are no longer included in the Revised Settlement Class, having determined that the Revised Settlement Agreement is fair, adequate, and reasonable, and in light of the prior proceedings in which this Court found the settlement relief and settlement procedures to be adequate and granted Plaintiffs' Counsel's request for attorneys' fees, costs, and expenses, and the application for Service Awards to the Representative Plaintiffs, and good cause appearing:

**IT IS ORDERED** that:

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Revised Settlement Class.

2. The Settlement involves allegations in Plaintiffs' Second Amended Complaint against Defendant for violations of the Telephone Consumer Protection Act[1] ("TCPA").

3. The Revised Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

4. Unless otherwise indicated, words spelled in this Order and Judgment Granting Final Approval of Revised Class Action Settlement ("Final Order and Judgment") with initial capital letters have the same meaning as set forth in the Revised Settlement Agreement.

5. The Court, having reviewed the terms of the Revised Settlement Agreement submitted by the Parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Revised Settlement Agreement and for purposes of the Revised Settlement Agreement and this Final Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> All persons in the United States from September 5, 2015 to December 31, 2019 to whom HelloFresh, either directly or by a vendor of HelloFresh, placed at least two telemarketing calls during any 12-month period where their phone numbers appeared on the NDNCR for at least 31 days before the calls.

Excluded from the Settlement Class are: (1) the Judge presiding over the Action (or the Judge or Magistrate presiding over the action through which this matter is presented for settlement), and members of their families; (2) the Defendants, their parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest, and

---

[1] 47 U.S.C. § 227.

Defendant's current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors, or assigns of any such excluded person(s).

7. The Revised Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Revised Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Revised Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Revised Settlement Agreement.

8. The Revised Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Supplemental Settlement Agreement, that:

   a. the members of the Settlement Class who already filed a claim for benefits from the original settlement are entitled to an immediate payment (and their recovery will increase from the prior settlement);

   b. that Defendant will pay all costs of Claims Administration from the Settlement Fund, including the cost of the Claims Administrator, instituting notice, processing and administering claims, and preparing and mailing checks;

   c. that Defendant will pay, subject to the approval and award of the Court, the reasonable attorneys' fees, costs, and expenses of Settlement Class Counsel, Objector's Counsel, and a Service Award to the Class Representatives from the Settlement Fund.

9. The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Revised Settlement Class is in connection with the Revised Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Revised Settlement Agreement.

10. The terms of the Revised Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Revised Settlement, the rights of Settlement Class Members under the Revised Settlement, the application for attorneys' fees, costs, and expenses, and the Service Award payment to the Class Representatives have been provided to Settlement Class Members as directed by this Court's Orders, and proof of notice has been filed with the Court.

11. The Court finds that the Settlement Class has already received the best notice practicable under the circumstances because they received notice of the prior settlement and that their rights and settlement benefits have not changed since receiving notice, nor have the amount of attorneys' fees, expenses, or Plaintiff service awards sought. Thus, the Settlement Class need not be provided with a second opportunity to opt out, object, or file claims under the Revised Settlement.

12. The parties shall cause the revised notice to those who are not part of the Settlement Class provided for in the Revised Settlement Agreement in the form proposed by the parties within 30 days of this Order.

13. The Court has considered all the documents filed in support of the Revised Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

14. The Parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the Revised Settlement in accordance with this Final Order and Judgment and the terms of the Revised Settlement Agreement.

15. Pursuant to the Revised Settlement Agreement, Defendant, the Claims Administrator, and Class Counsel shall implement the Settlement in the manner and timeframe as set forth therein.

16. Within the time period set forth in the Revised Settlement Agreement, the relief provided for in the Revised Settlement Agreement shall be made available to the various Settlement Class Members that previously submitted valid claims, pursuant to the terms and conditions of the Revised Settlement Agreement.

17. Pursuant to and as further described in the Revised Settlement Agreement, Plaintiffs and the Settlement Class Members release claims as follows:

> Any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or relate in any way to the Released Parties' use of any telephone and/or any telephone dialing equipment to contact or attempt to contact Members of the Settlement Class. This release expressly includes, but is not limited to, all claims under the Telephone Consumer Protection Act and corollary or similar state laws or enactment of any other statutory or common law claim arising. The Released Claims include any and all claims that were brought or could have been brought in the Action.

18.     The Court grants final approval to the appointment of Plaintiffs as Class Representatives. The Court concludes that Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

19.     Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves a payment to the Class Representatives as follows: $10,000 to Grace Murray $5,000 each to Jeanne Tippet and Stephen Bauer, and $2,000 each to Robin Tubesing, Nikole Simecek, Michelle McOsker, Jacqueline Groff, and Heather Hall. Defendant shall make such payment in accordance with the terms of the Revised Settlement Agreement.

20.     The Court grants final approval to the appointment of Paronich Law, P.C.; Turke & Strauss LLP; Robins Kaplan LLP as Class Counsel. The Court concludes that Class Counsel has adequately represented the Settlement Class and will continue to do so.

21.     The Court, after careful review of the initial fee petition filed by Class Counsel (Doc. Nos. 70, 71), the Court's prior final approval order (Doc. 107), and the parties' submissions in support of the Motion for Final Approval, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's application for attorneys' fees in the amount of $2,200,000. Reasonable costs and expenses of $44,178.95 are also hereby awarded. Payment shall be made pursuant to the terms of the Revised Settlement Agreement.

22.     The Court has reviewed the submissions in support of Objector McDonald's unopposed request for attorneys' fees, and grants the application in the amount of $750,000. The successful appeal led to an improved settlement, conferring an additional $3,440,000 benefit on the NDNCR class. McDonald's counsel's work before this Court and on appeal clarified the standards for analyzing conflict between the claims asserted, and preserved due process rights

necessary to the approval of the Revised Settlement. Their work thus "resulted in a benefit to the class involved in the proceedings." *Green v. Transitron Electr. Corp.*, 326 F.2d 492, 498-99 (1st Cir. 1964); *Duhaime v. John Hancock Mut. Life Ins. Co.*, 2 F.Supp.2d 175, 176 (D. Mass. 1998).

23. This Final Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the lawsuit. This Final Order and Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Revised Settlement Agreement and this Final Order and Judgment may be filed in any action by Defendant, Class Counsel, or Settlement Class Members seeking to enforce the Revised Settlement Agreement or the Final Order and Judgment (including, but not limited to, enforcing the releases contained herein). The Revised Settlement Agreement and Final Order and Judgment shall not be construed or admissible as an admission by Defendant that Plaintiffs' claims or any similar claims are suitable for class treatment. The Revised Settlement Agreement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Order and Judgment that are

maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Order and Judgment.

24. If the Effective Date, as defined in the Revised Settlement Agreement, does not occur for any reason, this Final Order and Judgment shall be deemed vacated, and shall have no force and effect whatsoever; the Revised Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Revised Settlement Agreement and this Final Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Revised Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective positions in the Litigation, as if the Parties never entered into the Revised Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel. Further, in such event, Defendant will pay amounts already billed or incurred for costs of notice to the Settlement Class, and Claims Administration, and will not, at any time, seek recovery of same from any other Party to the Litigation or from counsel to any other Party to the Litigation.

25. Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994) and the parties' agreement, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

26. Without affecting the finality of this Final Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Revised Settlement Agreement for all purposes.

27. This Order resolves all claims against all Parties in this action and is a final order.

28. The matter is hereby dismissed with prejudice and without costs except as provided in the Revised Settlement Agreement.

Dated: March 13, 2024

_William G. Young_
Hon. William G. Young
United States District Court